UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**RECEIVED**
2009 NOV -2  P 4: 50

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **Shirley J. Smith,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 2:09-cv-1014-MHT-WC |
| ) | **Plaintiff Demands Jury Trial** |
| **North American Asset Services, LLC,** a foreign ) | |
| limited liability company, and **Frontier Financial** ) | |
| **Group,** a foreign company, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and / or punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "the FDCPA") and state common law causes of action.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Autauga County, Alabama,

and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Shirley J. Smith (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Autauga County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant North American Asset Services, LLC (hereinafter referred to as "North American" or "Defendant") is a foreign limited liability company engaged as a "debt collector" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

5. Defendant Frontier Financial Group (hereinafter referred to as "Frontier" or "Defendant") is a foreign company, a better denomination of which is presently unknown to Plaintiff, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference herein paragraphs one (1) through five (5).

7. In or around June 2000, Plaintiff obtained an unsecured home improvement loan, *i.e.* "Home Improvement Passport", from Owens Corning in the amount of $5,500 which was used for improvements to her residence. Such loan was obtained and used for family, personal and/or household purposes.

8. Subsequent to the death of her husband, Plaintiff lacked the wherewithal to continue making payments on this loan. Plaintiff's only source of income is Social Security.

9. After being transferred between multiple third-party debt collectors, Plaintiff's account has now been sold to Defendants Frontier and North American.

10. Recently, representatives for Defendants have diligently attempted to collect upon this alleged debt.

11. On May 1, 2009, at approximately 8:00 p.m., Defendants' representative contacted Plaintiff's son-in-law on his cell phone regarding Plaintiff's alleged debt. Furthermore, after this representative refused to identify himself, he advised Plaintiff's son-in-law that Defendants would filing a lawsuit against Plaintiff.

12. Likewise, in June 2008, Defendants' representative, self-identified as "Joe Grady", contacted Plaintiff's daughter, discussed the alleged debt, and stated that Defendants would immediately be filing a lawsuit against Plaintiff.

13. On August 3, 2009, at approximately 4:00 p.m., Defendants' representative, self-identified as "David Gilmore", contacted Plaintiff's son-in-law on his cell phone regarding Plaintiff's alleged debt. Furthermore, Gilmore stated that a lawsuit had been filed in the "civil court" of Autauga County.

14. In addition, on September 9, 2009, Defendants' representative Gilmore contacted

Plaintiff's son-in-law's on his cell phone. However, because Plaintiff's son-in-law was unavailable at the time of the call, Gilmore left a voice mail stating that 1) he was with the attorney network for Frontier Financial Group, 2) a "civil lawsuit" had been filed against Plaintiff in the "civil court" of Autauga County, and 3) Plaintiff's failure to pay the debt was a violation of "Article 225."

15. Defendants' acts, as stated herein, are violative of the FDCPA, ADTPA, and multiple state law causes of action.

16. As a result of Defendants' unlawful conduct, Plaintiff has been injured in that she has suffered great emotional distress, mental anguish, loss of sleep, and will, in the future, continue to suffer the same. Furthermore, Plaintiff has been caused to seek the services of an attorney to prosecute this matter.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference paragraphs one (1) through sixteen (16) as if fully set forth herein.

18. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendants violated the FDCPA by taking one or more of the following actions against Plaintiff:

   a) communicating with third-parties, i.e. Plaintiff's daughter and son-in-law, without providing identifying information, and discussing Plaintiff's alleged debt in violation of 15 U.S.C. §§ 1692b(1), (2), and (3);

    b)     communicating with third-parties, i.e. Plaintiff's daughter and son-in-law, without privilege, and discussing Plaintiff's alleged debt with such third-parties in violation of 15 U.S.C. § 1692c(b);

    c)     engaging in conduct to harass, oppress and abuse Plaintiff, i.e. repeatedly causing Plaintiff's son-in-law's cell phone to ring and engaging in conversations therewith and, in addition, doing so without meaningful disclosure in violation of 15 U.S.C. 1692d(6); and

    d)     engaging in conduct that misrepresents the character, amount and legal status of the debt, the implication that nonpayment of such alleged debt will result in garnishment when Defendants fail to possess a judgment for the same, the threat to take action which cannot legally be taken, and the threat to take action which Defendants do not intend to take in violation of 15 U.S.C. §§ 1692e(2)(A), (4), and (5).

19.     The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of Plaintiff's rights.

20.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

21. Plaintiff incorporates by reference paragraphs one (1) through twenty (20) as if fully set forth herein.

22. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

23. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

24. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

25. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

26. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

27. Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28. Defendants' owed a duty of care to Plaintiff to refrain from engaging in conduct prohibited by both federal and state law.

29. Defendants breached said duty by engaging in the conduct identified herein.

30. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

31. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## HARASSMENT

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being.

34. Defendants' harassing collection tactics created a hostile environment for Plaintiff.

35. As a proximate consequence of Defendants' harassment, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## INVASION OF PRIVACY

36. Plaintiff incorporates by reference paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

38. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

39. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## INTENTIONAL MISREPRESENTATION

40. Plaintiff incorporates by reference paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented the character, amount, and legal status of Plaintiff's alleged debt.

42. Defendants intend that Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the alleged debt.

43. Defendants intend that the justifiable and reasonable reliance by Plaintiff would

adversely affect her.

44. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff incorporates by reference paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. Defendants' conduct, as described herein, was reckless and / or intentional, and performed with disregard for the rights of Plaintiff.

47. As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT EIGHT
## DECLARATORY AND INJUNCTIVE RELIEF

48. Plaintiff incorporates by reference paragraphs one (1) through forty-seven (47) as if fully set forth herein.

49. A dispute exists as to whether Defendants have violated the FDCPA, ADTPA, federal law or state law.

50. Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FDCPA, ADTPA, federal law, and state law, and Plaintiff is

similarly entitled to an order enjoining said acts.

50. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff statutory damages where applicable;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 20th day of October, 2009.

/s/
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*

                                           **Lewis, Bush & Faulk, LLC**
                                           400 South Union Street, Suite 230
                                           Montgomery, Alabama 36104
                                           Phone:     (334) 263-7733
                                           Facsimile:  (334) 832-4390
                                           Bar Id. #:  ASB-7306-A54B

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**North American Asset Services, LLC**
c/o Paula Engelbrecht
849 Gleamstar Avenue
Las Vegas, Nevada 89123

**Frontier Financial Group**
9980 West Flamingo Road
Las Vegas, Nevada 89147